Appellee=s Second Motion for Rehearing Overruled








Appellee=s Second Motion for Rehearing Overruled.  Reversed and
Remanded and Supplemental Majority Opinion and Dissenting Opinion on Motion for
Rehearing filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00098-CR

____________

 

ANGEL RESENDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 182nd
District Court

Harris County, Texas

Trial Court Cause No. 960399

 



 

D I S S E N T I N G   O P I N I O N   O N   M O T I O N  
F O R  

R E H E A R I N G  








On August 30, 2007, this court issued a substitute majority
opinion in which it reversed and remanded this case for a new trial, and I
filed a concurring opinion.  The State filed a second motion for rehearing
requesting this court to reconsider its substitute opinion.  Today the court
overrules the State=s second motion for rehearing and issues a
supplemental majority opinion to address matters raised in the second motion. 
I agree with sections A and B.1 of the supplemental majority opinion, in which
the court exercises its discretion to consider the arguments in the State=s second motion
and in which the court agrees with the State that appellant=s second statement
was not obtained in violation of Miranda.  But I part company with the
majority in section B.2, in which the court concludes that the trial court
reversibly erred by denying appellant=s motion to
suppress on the ground that appellant=s second statement
was inadmissible based on a failure to comply with article 38.22, section
3(a)(2) of the Texas Code of Criminal Procedure.  Because appellant never asked
the trial court to suppress his statement on this basis, appellant failed to
preserve error.  This court should grant the State=s second motion
for rehearing, withdraw the prior opinion, and affirm the trial court=s judgment.

                     Article
38.22 of the Texas Code of Criminal Procedure








Article 38.22 of the Texas Code of Criminal Procedure deals
with various subjects.  See Tex.
Code Crim. Proc. Ann. art. 38.22 (Vernon 2006).  Under section 2(a), a
written statement made by an accused as a result of custodial interrogation is
not admissible as evidence in any criminal proceeding unless it is shown on the
face of the statement that the accused received certain warnings. See Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a).  Under
section 2(a), no written statement made by an accused as a result of custodial
interrogation is admissible as evidence  in any criminal proceeding unless it
is shown on the face of the statement that the accused, prior to and during the
making of the statement, knowingly, intelligently, and voluntarily waived the
rights set out in the warnings prescribed by section 2(a). See Tex. Code Crim. Proc. Ann. art. 38.22, ' 2(a).  Under
section 3(a), no oral or sign-language statement of an accused made as a result
of custodial interrogation shall be admissible against the accused in a
criminal proceeding unless (1) an electronic recording, which may include
motion picture, videotape, or other visual recording, is made of the statement;
(2) prior to the statement but during the recording the accused is given the
warnings provided in article 38.22, section 2(a) and the accused knowingly,
intelligently, and voluntarily waives any rights set out in the warning; (3)
the recording device was capable of making an accurate recording, the operator
was competent, and the recording is accurate and has not been altered; (4) all voices
on the recording are identified; and (5) not later than the 20th day before the
date of the proceeding, the attorney representing the defendant is provided
with a true, complete, and accurate copy of all recordings of the defendant
made under article 38.22.  See
Tex. Code Crim. Proc. Ann. art. 38.22,
' 3(a).  Under
section 3(b), every electronic recording of any statement made by an accused
during a custodial interrogation must be preserved until such time as the defendant=s conviction for
any offense relating thereto is final, all direct appeals therefrom are
exhausted, or the prosecution of such offenses is barred by law.  See Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(b).  Under
section 6, there are various procedural requirements regarding determinations
by the trial court and jury as to the voluntariness of a statement by the
accused.  See Tex. Code Crim.
Proc. Ann. art. 38.22, ' 6.  Under section
8, notwithstanding the other provisions of article 38.22, a statement by an
accused made as a result of a custodial interrogation is admissible against the
accused in a Texas criminal proceeding if (1) the statement was obtained in
another state and was obtained in compliance with the laws of that state; or
(2) the statement was obtained by a federal law enforcement officer in this
state or another state and was obtained in compliance with the laws of the United
States.  See Tex. Code Crim.
Proc. Ann. art. 38.22, ' 3(b).  Out of all
these parts and subparts of article 38.22, the only aspect at issue in this
case is section 3(a)(2)=s prohibition against using an oral
statement of an accused made as a result of custodial interrogation if the
accused was not given the warnings in article 38.22, section 2(a) prior to the
statement but during the recording.  See Tex. Code Crim. Proc. Ann. art. 38.22, ' 3(a)(2).

                                  Appellant=s First Motion to
Suppress

On September 19, 2003, appellant filed a motion to suppress
(hereinafter AFirst Motion@), in which he
made the following arguments:

!       When appellant had any conversations with law
enforcement officers, he was under arrest.








!       Any statements made by appellant were
involuntary and were coerced  from appellant.

!       Appellant was deprived of his right to
counsel and did not make an intelligent and knowing waiver of that right.

!       Appellant=s statements were tainted by the illegal and unlawful
arrest of appellant, in violation of his rights under the United States
Constitution, the Texas Constitution, and article 38.23 of the Texas Code of
Criminal Procedure.

!       AStatements made by [appellant] were taken without the
safeguards required by and in violation of Article 38.22 of the Code of
Criminal Procedure.@

!       The
admission of statements by appellant is a violation of appellant=s rights under the
Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution, the Texas Constitution, and articles 1.05 and 38.23 of the Texas
Code of Criminal Procedure.

                               Appellant=s Second Motion to
Suppress

Without having obtained a hearing or ruling on the First
Motion, appellant retained new counsel, and that counsel was substituted as
appellant=s counsel of record in January 2004.  More than
thirteen months after filing the First Motion and without ever having obtained
a hearing on that motion, on October 29, 2004, appellant=s new counsel
filed a second motion to suppress (hereinafter ASecond Motion@), in which he
made the following arguments:

!       Appellant gave a statement to police that the
State intends to use against him.  This statement is a confession that
appellant shot the complainant without legal justification.

!       This
confession was elicited in violation of appellant=s rights under the
Fifth Amendment of the United States Constitution, and article I of the Texas
Constitution.  AFurther, [appellant] argues that this
confession was taken contrary to the manner in which the Criminal Courts have
interpreted those statutes.@








                                                     The
Hearing

Ten days after appellant filed the Second Motion, on
November 8, 2004, the trial court conducted a hearing (the AHearing@).  At the
beginning of the Hearing, the trial court stated that the hearing was on
appellant=s AMotion to Suppress the Confession.@  Appellant=s counsel then
argued the following points:

!       On September 2, 2003, after failing a
polygraph test, police officers interrogated appellant without making a
recording.  During this unrecorded interrogation appellant confessed to
shooting the complainant.

!       After appellant made this confession, the
officers started a videotaped interrogation without administering Miranda
warnings.

!       Once appellant confessed prior to the
videotaped interrogation, the interrogation of appellant became custodial. 
Therefore, appellant asked the trial court to suppress the September 2, 2003
videotaped statement  because it was (1) involuntary and (2) given by appellant
without Aunderstanding certain rights that
had been guaranteed him both under Miranda [sic] and our State Constitution.@

!       There is
nothing in the transcript of appellant=s September 2
videotaped statement that reflects appellant was read his Miranda
warnings at the beginning of his statement.  The officers did not give
appellant Miranda warnings on the videotape.

Failure To Preserve Error

Appellant did not preserve error in the First Motion as to
section 3(a)(2).








In the First Motion, appellant asserted globally that the
admission of appellant=s statements would be a violation of his
rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United
States Constitution.  Appellant also stated that his statements were taken in
violation of article 38.22.  Given the many different sections and requirements
of article 38.22, this assertion is also global and unspecific.  In the First
Motion, appellant did not assert that any statement was inadmissible based on
the officers= failure to give the section 2(a) warnings at the
beginning of the videotape.  The global assertions in the First Motion are not
sufficient to preserve error on an argument that appellant=s September 2,
2003 statement (hereinafter AStatement@) should be
suppressed because the officers violated article 38.22, section 3(a)(2).  See
Swain v. State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) (holding that
global statements that appellant=s Fifth Amendment
rights were violated and that officers did not comply with article 38.22 did
not preserve error as to argument that his Fifth Amendment rights were violated
by continued interrogation after he allegedly requested counsel); see also
Olson v. State, No. 14-06-00338-CR, 2007 WL 1745837, at *1 (Tex. App.CHouston [14th
Dist.] June 19, 2007, no pet.) (holding that motion in which defendant asserted
that statements should be suppressed under article 38.22 did not preserve error
as to arguments that statements should be suppressed under federal and state
constitutions) (not designated for publication); Aparicio v. State, No.
14-03-01213-CR, 2004 WL 2283584, at *2 (Tex. App.CHouston [14th
Dist.] Oct. 12, 2004, no pet.) (holding that motion to suppress in which
defendant globally asserted that statement should be suppressed under article
38.22 did not preserve error as to argument that statement was inadmissible
under article 38.22, section 3(a)(3)) (not designated for publication).  

Appellant did not preserve error in the Second Motion as to
section 3(a)(2).

There is no language whatsoever in the Second Motion that
arguably would preserve error as to an argument that appellant=s Statement should
be suppressed because the officers violated article 38.22, section 3(a)(2).  

Appellant did not assert his section 3(a)(2) argument at
the Hearing.








At the Hearing, there was no mention of any part of article
38.22.  Appellant=s counsel did not assert that the Statement
should be suppressed because the officers violated article 38.22, section
3(a)(2).  Although appellant=s counsel did assert that the officers did
not read appellant his Miranda warnings at the beginning of the Statement
or on any part of the videotape of the Statement, this assertion was consistent
with counsel=s argument that the officers violated the Fifth
Amendment by failing to give appellant Miranda warnings at the beginning
of his videotaped statement, given that the interrogation allegedly had become
custodial when, just before the videotaped statement, appellant admitted to
shooting the complainant.  Because appellant failed to complain at the Hearing
about any alleged failure to follow section 3(a)(2), appellant did not preserve
error at this hearing.  See Swain, 181 S.W.3d at 365.[1]

                                                      Conclusion

Appellant did not preserve error as to any argument that
the Statement should be suppressed because the officers violated article 38.22,
section 3(a)(2).  For the reasons stated in sections A and B.1 of the
supplemental majority opinion, the trial court did not abuse its discretion by
implicitly determining that the Statement was not obtained in violation of the
Fifth Amendment under the Miranda decision and its progeny.  This court
should grant the State=s second motion for rehearing and affirm
the trial court=s judgment. 

 

 

/s/      Kem
Thompson Frost

Justice

 

 

Judgment rendered and Supplemental Majority Opinion and
Dissenting Opinion on Motion for Rehearing filed May 29, 2008.

 

Panel consists of Justices Anderson, Frost, and Senior
Justice Edelman.*
(Anderson, J., majority).

 

Publish C Tex. R. App. P. 47.2(b).                                                                                                                                                                                                            









[1]  Even if the statements in the First Motion would
have been sufficient to preserve error as to section 3(a)(2), the trial court
did not rule on this motion.  All of appellant=s counsel=s arguments at the Hearing were within the scope of
the Second Motion that he had just filed.  Trial counsel did not refer to the
First Motion or to any of the several arguments contained in the First Motion
but not the Second Motion.  The trial court=s
statement that it denied Ayour Motion
to Suppress Mr. Resendez=s statement@ is also an indication that the trial court denied the
motion to suppress filed by appellant=s
new counsel rather than the motion filed by appellant=s former counsel. (emphasis added).





*  Senior Justice Richard H. Edelman sitting by
assignment.